Robert E. BEMENT, a/k/a Robert Bement, and Thelma F. Bement, a/k/a Thelma Bement, Petitioners,

v.

EMPIRE ELECTRIC ASSOCIATION, INC., Respondent.

No. 84SC69.

Supreme Court of Colorado, En Banc.

Nov. 10, 1986.

Rehearing Denied Dec. 8, 1986.

Hill, Hill & Manges, P.C., Alden V. Hill, Alden T. Hill, Fort Collins, Kent F. Williamson, Cortez, for petitioners.

Dilts, Dyer, Fossum & Hatter, P.C., Clifford C. Fossum, Cortez, Robert T. James, Colorado Springs, for respondent.

LOHR, Justice.

The issue presented in this eminent domain case is whether the Montezuma County District Court erred by refusing to instruct a jury that any reduction in the fair market value of the remainder of the petitioner's property resulting from the unsightliness of an electric power line constructed on the utility easement condemned is a compensable element of damages for the taking. The court of appeals affirmed the district court, and we granted certiorari. We reverse, for the reasons discussed below.

The issue arises out of a condemnation proceeding in which respondent Empire Electric Association, Inc. (Empire) sought a one hundred-foot-wide easement for the purpose of constructing an electric power line across property owned by petitioners Robert E. Bement and Thelma F. Bement. The Bements' property is a 160–acre ranch in a rural setting near Mancos. The house was designed and located to take advantage of the scenic mountain views available from the ranch. In preliminary proceedings in district court, Empire was awarded immediate possession of the 6.86 acre easement. It then constructed the power line in a location visible from the Bements' house.

Thereafter, a trial was held before a jury to determine the compensation due to the property owners. Empire presented evidence that the easement taken was worth $2,600 and that there was no damage to the remainder of the Bements' property. Witnesses for the Bements testified that the value of the property rights taken ranged from $7,875 to $10,000 and that the remainder of the property was reduced in value by an amount ranging from $22,900 to $34,450. These witnesses attributed the reduction in the value of the remainder to the unsightliness of the power line and its impact on the view from the Bements' residence.

The Bements sought an instruction from the district court that would have informed the jury that in determining whether to award compensation for damage to the remainder, the jury should consider any evidence establishing a reduction in market value of the remainder "including evidence of the unsightliness of the utility line constructed on the right of way taken." The court refused to give the instruction tendered by the Bements. Instead, the court gave modified versions of stock instructions, *see* CJI–Civ.2d 33:4, 33:5 (1980), informing the jury that any damages to the remainder "are to be measured by the ef-

fect the acquisition of the easement and right-of-way actually taken has on the reasonable market value of the residue," but that "[a]ny damages which may result to the residue but which are shared in common with the community at large are not to be considered." The jury was not instructed that damage caused by the unsightliness of the power line was to be considered damage "shared in common with the community at large," but the attorney for Empire was allowed to argue for that conclusion to the jury. The jury returned a verdict awarding the Bements $2,600 as the value of the property taken and finding that there was no damage to the remainder.

The Bements appealed, contending, among other things, that the district court erred by refusing to give the instruction that they had tendered. The Bements argued that the instructions given by the trial court, when coupled with the failure to give the tendered instruction and with Empire's closing argument, permitted the jury to disregard evidence of damage to the remainder if that damage was caused by the unsightliness of the power line. The court of appeals affirmed. *Empire Electric Ass'n, Inc. v. Bement*, 81CA0920 (Colo.App. Dec. 22, 1983) (not selected for official publication). We granted the petition for certiorari filed by the Bements, and eventually consolidated this case with *La Plata Electric Ass'n, Inc. v. Cummins*, 728 P.2d 696 (Colo.1986), and *Platte River Power Authority v. Herring*, 728 P.2d 709 (Colo.1986).

■ Today, in *La Plata Electric Ass'n, Inc. v. Cummins* we hold that property owners who have a portion of their property taken by condemnation are entitled to present evidence concerning, and receive compensation for, any diminution in the market value of the remainder of the property that is the natural, necessary and reasonable result of the taking. 728 P.2d at 700. Whether the reduction in market

value of the remainder results from aesthetic damage or from some other cause is irrelevant to the question of whether compensation should be awarded for that reduction in value. We specifically rejected an argument that a landowner who suffers a partial taking is entitled to receive compensation only for those damages that are unique or special to the property and not shared in general with the public. *Id.* at 700. *Accord Platte River Power Authority v. Herring*, 728 P.2d at 711–712.

■ Based on our holding in *La Plata*, it is clear that the district court erred here by instructing the jury that it could award compensation for damage to the remainder only if that damage was not "shared in common with the community at large." The trial court also erred in allowing Empire to argue before the jury that, on this basis, the Bements should not be awarded compensation for any diminution in market value caused by the unsightliness of the power line.[1] Accordingly, we reverse the judgment of the court of appeals and remand for a new trial, which should be governed by the principles announced in *La Plata Electric Ass'n, Inc. v. Cummins*, *Platte River Power Authority v. Herring*, and this opinion, all released today. We do not require that the trial court give the instruction on aesthetic injury tendered by the Bements in this case. We leave it to the trial court's discretion to formulate the necessary instructions consistent with this opinion and with the evidence on retrial.

Judgment reversed.

ROVIRA, J., dissents.

ERICKSON and VOLLACK, JJ., join in the dissent.

ROVIRA, Justice, dissenting:

For the reasons set forth in my dissent to *La Plata Electric Ass'n v. Cummins*, 728 P.2d 696 (Colo.1986), I respectfully dissent.

---

1. Although counsel for the Bements did not object to this argument, they might reasonably have concluded that the instructions given by the trial court and the trial court's rejection of their own tendered instruction on unsightliness foreclosed any further objections.

I am authorized to say that Justice ER-ICKSON and Justice VOLLACK join in this dissent.